PER CURIAM.
Scott J. Bitman appeals an order of the •circuit court which denied his petition for writ of mandamus. That petition challenged a disciplinary proceeding wherein he was found guilty of failure to directly and promptly proceed to and from his designated area by approved method while on work release. After a hearing, he was found guilty and penalized by forfeiture of gain-time and termination from the work release program.
Bitman’s petition below raised numerous challenges to the disciplinary proceeding. We find that, with one exception, his claims were without merit and their denial by the trial court is affirmed. We must, however, reverse and remand for further proceedings.
Appellant argues, and we agree, that his right to due process was violated when a witness, Sergeant Burnham, was also a member of the disciplinary team. This is contrary to the Department of Corrections’ own Rule 33-22.003(3)(a) and infringes upon an inmate’s entitlement to an impartial disciplinary fact-finder. See Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The facts do not support appellee’s contention that the witness in question was not disqualified because he lacked personal knowledge of the involvement of the accused. On the contrary, Sergeant Burnham was the sole witness as to certain critical facts which the disciplinary team expressly relied upon in reaching its finding of guilt.
Accordingly, we reverse the decision of the trial court and remand with directions to grant appellant’s petition for writ of mandamus. The precise remedy to which appellant is entitled shall be determined by the trial court upon remand.
JOANOS, MICKLE and VAN NORTWICK, JJ., concur.